## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY | : | CIVIL ACTION |
| COMMISSION | : | |
| | : | |
| v. | : | |
| | : | |
| DEFENDER ASSOCIATION OF | : | |
| PHILADELPHIA | : | NO.  19-1803 |

### MEMORANDUM OPINION

CAROL SANDRA MOORE WELLS
United States Magistrate Judge                                    June 11, 2021

Plaintiff alleges that Defendant violated the Americans with Disabilities Act ("ADA") when it fired the charging person.  Discovery has been slow, in part due to COVID-19 restrictions. Defendant wishes to depose Damon Johnson, who was the investigator assigned to the charging person's ADA claim.  Plaintiff has sought a protective order to bar Defendant from conducting Mr. Johnson's deposition.  For the reasons set forth herein, the court will allow Mr. Johnson's deposition, with limitations.  Defendant may not inquire about the conciliation process, in this case, because that is barred by law.  Also, Defendant may not pose any questions which require answers barred by the deliberative process privilege.

### I.        PROTECTIVE ORDER STANDARD

Fed. R. Civ. P. 26(c) allows for a protective order, if there is good cause.  In order to show good cause, the party seeking a protective order must show that disclosure will "work a clearly defined and serious injury to the party." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).  To determine if good cause exists, the court must balance the inquiring party's need for the information against the harm that might be caused by disclosure.  *Id.* at 787 (citation omitted).   If the moving party can show good cause, one of the remedies allowed is to forbid

inquiry into certain matters or to limit the scope of inquiry into certain matters.  Fed. R. Civ. P. 26(c)(1)(D).

## II.    DISCUSSION

Herein, Plaintiff provides five reasons to establish good cause for a protective order:  (1) Mr. Johnson cannot provide any relevant evidence, (2) Plaintiff has already produced Mr. Johnson's investigative file, (3) requiring Mr. Johnson to prepare and appear for his deposition would unduly burden his ability to perform his job duties, (4) inquiry into the conciliation process is barred by law, and (5) the deliberative process privilege bars his deposition.  Pl.'s May 27, 2021 Letter Br. at 3-9.  Defendant takes issue with all of these, except the conciliation process argument. Def.'s June 4, 2021 Letter Resp. at 1-7.  In reply, Plaintiff repeats the first and third arguments. Pl.'s June 7, 2021 Letter Reply at 1-4.

Plaintiff's first two arguments lack merit.  Although Plaintiff has produced Mr. Johnson's 77-page investigative file and a five-page Charge Detail Inquiry ("CDI"), Defendant notes that the file contains a good deal of redaction and short-hand.  Mr. Johnson can decipher and explain the short-hand, which is important and relevant; as to the redactions, Mr. Johnson can explain why they exist.  Plaintiff asserts that the CDI contains little shorthand and the redactions exist because the information is "privileged/protected."  Pl.'s June 7, 2021 Letter Reply at 2.  Defendant can explore whether the latter assertion is correct at Mr. Johnson's deposition.  Furthermore, there may be areas of the lengthier investigative file about which Defendant may need to question Mr. Johnson for clarification or explanation.[1]

Mr. Johnson will not be unduly burdened by having to be deposed.  All litigation causes parties and, sometimes, some of their employees to be distracted from their normal work duties.

---

[1] Unlike its assertion concerning the CDI, Plaintiff does not claim that the investigative file contains little shorthand.

That is a typical, not an undue, burden.  Plaintiff, who has the onus to establish good cause, has not explained how Mr. Johnson will suffer a burden than is atypical of normal litigation.  Further, if Defendant will primarily question Mr. Johnson about the shorthand in his investigative file and the reasons for the redactions, his deposition may prove to be brief.

Plaintiff is correct that Mr. Johnson is barred by law from disclosing via testimony what transpired during the conciliation process.  42 U.S.C. § 2000e-5(b).  Indeed, certain redactions in Mr. Johnson's investigative file may concern the conciliation process.[2]  If, at his deposition, Mr. Johnson cites the conciliation process as the reason for a particular redaction, that would be sufficient to end further inquiry about the redaction.

Finally, the government's deliberative process privilege protects "confidential deliberations of law or policymaking, reflecting opinions, recommendations or advice."  *Redland Soccer Club, Inc. v. Dept. of the Army of the U.S.*, 55 F.3d 827, 853 (3d Cir. 1995) (citation omitted).  The purpose of the privilege is to protect the quality of administrative agency decision-making.  *Id*. at 854 (citing *N.L.R.B. v. Sears Roebuck & Co.*, 421 U.S. 132, 151 (1975)).  The privilege does not protect information, if that information is severable from the protected opinions, recommendations or advice.  *Id.* (citation omitted).

With these principles in mind, and without knowing the precise questions Defendant intends to ask Mr. Johnson, the court directs Defendant not to pose any questions which call for Plaintiff's "confidential deliberations of law or policymaking, reflecting opinions, recommendations or advice."  *Redland*, 55 F.3d at 853.  If Defendant poses such a question, Plaintiff's attorney may direct Mr. Johnson not to answer.  In doing so, Plaintiff's attorney must bear in mind that Mr. Johnson may not avoid disclosing facts that are severable from the protected

---

[2] Plaintiff has provided the court with a copy of the CDI and several redactions are labeled "Conciliation."  Plaintiff has not provided the larger investigative file to the court.

3

opinions, recommendations or advice.

An implementing Order follows.