IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**<br>**Plaintiff,**<br><br>**v.**<br><br>**DEFENDER ASSOCIATION OF PHILADELPHIA**<br>**Defendant.** | **CIVIL ACTION NO. 19-1803** |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                             **January 5, 2023**

Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), filed suit against Defendant, the Defender Association of Philadelphia, alleging that the Defender Association failed to provide Megan Perez with a reasonable accommodation for her disability and terminated her employment in violation of the Americans with Disabilities Act ("ADA"). The Defender Association has moved to permit its expert to interview Ms. Perez and for a hearing as to whether to disqualify the EEOC as counsel. After oral argument held on November 30, 2022, and for the reasons stated below, the Court will deny both motions.

**I.     MOTION FOR A HEARING TO DETERMINE WHETHER TO DISQUALIFY THE EEOC AS COUNSEL**

While the Defender Association's motion is styled as a motion for a hearing to determine whether to disqualify the EEOC as counsel, the underlying relief that it seeks is the EEOC's disqualification as counsel. Having heard the parties' arguments, the Court has determined that no additional hearing is necessary on the motion, and will deny it as without merit.

Critically, the EEOC is both counsel *and* the plaintiff in this action.[1] While this lawsuit

would not exist but-for the termination of Ms. Perez, the EEOC (and not Ms. Perez) is the

plaintiff in this litigation.[2] By asking the Court to disqualify the EEOC as counsel under the

guise of a "conflict of interest" between the EEOC and Ms. Perez, the Defender Association

essentially seeks to *change* the parties and to invalidate the EEOC's statutory authority to bring

enforcement actions.

The EEOC, represented by its Office of the General Counsel, is authorized to bring

lawsuits "to obtain relief for victims of employment discrimination and ensure compliance with

the statutes the EEOC is charged with enforcing," including the ADA.[3] The Supreme Court has

recognized that "whenever the EEOC chooses from among the many charges filed each year to

bring an enforcement action in a particular case, the agency may be seeking to vindicate a public

interest, not simply provide make-whole relief for the employee, even when it pursues entirely

victim-specific relief."[4] Thus, the EEOC is the plaintiff asserting claims within its statutory

authority, and it is not acting simply as a proxy for or representative of the charging party, Ms.

Perez. The statute plainly contemplates the possibility of competing "interests" between the

---

[1] The EEOC brings this suit against the Defender Association and is represented by its own attorneys who are employed by the EEOC.

[2] Ms. Perez has yet to intervene as of the date of this Memorandum. The Defender Association argues that Ms. Perez should have the right to intervene, but she has always possessed that right. The Court has reminded Ms. Perez that if she wishes, she may intervene in this action and may do so on or before January 17, 2023. *See* Order of Nov. 30, 2022 [Doc. No. 95]. Thus, under the current posture of the case, the only parties are the EEOC and the Defender Association.

[3] Fiscal Year 2017 Annual Report, https://www.eeoc.gov/reports/office-general-counsel#:~:text=The%20mission%20of%20EEOC%27s%20Office%20of%20General%20Counsel,sue%20nongove rnmental%20employers%20with%2015%20or%20more%20employees; "What Laws Does EEOC Enforce?," https://www.eeoc.gov/youth/what-laws-does-eeoc-enforce.

[4] *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 296 (2002).

EEOC and a charging party and grants the charging party the right to intervene in an action

brought by the EEOC.[5]

The Defender Association cites an unpublished opinion from the Middle District of

Alabama to support its argument.[6] However, in that case the charging party moved to intervene

under Federal Rule 24(a)(1). While the EEOC did not oppose the motion, the defendant

contended that the motion was untimely because it was filed more than a year after the case was

filed. The court allowed the charging party to intervene, holding that the motion was timely

because the charging party moved "as soon as he discovered that a conflict of interest existed

between himself and the EEOC;" namely, that a settlement was proposed by the defendant with

terms that were not favorable to the EEOC, but were favorable to the charging party.[7] The court

recognized that the charging party had an interest in the litigation that might not be adequately

protected if not allowed to intervene. While the court referred to "a conflict of interest," it was

referring to a difference in objectives and not a conflict of interest under the professional rules of

conduct.[8]

Ms. Perez has always possessed the right to intervene, as the Court has recently reminded

her.[9] To the extent that there is any conflict between the litigation aims of the EEOC and Ms.

Perez, the solution is not to "disqualify" the EEOC, but for Ms. Perez to assert her own interests

---

[5] "The person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC]." 42 U.S.C.§ 2000e-5(f)(1).

[6] *E.E.O.C. v. Foley Products Co.*, No. 10-827, 2012 WL 280375 (M.D. Ala. Jan. 31, 2017).

[7] *Id.* at *2.

[8] *Id.* at *1.

[9] *See* Order of Nov. 30, 2022 [Doc. No. 95].

if she so chooses. The EEOC "is the master of its own case"[10] and may pursue its own litigation

strategy and settlement terms. The Defender Association has shown no basis for the Court to

grant relief that essentially would invalidate the EEOC's right to bring enforcement actions.

Accordingly, the Defender Association's Motion for a Hearing to Determine Whether to

Disqualify the EEOC as Counsel is dismissed as moot as to the hearing and denied as to the

underlying relief sought, *i.e.*, the disqualification of the EEOC as counsel.[11]

## II.      MOTION TO PERMIT THE DEFENDANT'S EXPERT TO INTERVIEW MEGAN PEREZ

The Defender Association seeks to have its expert, Irene C. Mendelsohn, M.S., CRC,[12]

interview Ms. Perez to prepare a report concerning Ms. Perez's ability to perform the essential

functions of her position with or without an accommodation. This motion also presents in an

unusual posture, as the Defender Association does not cite any Federal Rule of Civil Procedure

or other authority that would permit the interview. The Defender Association filed the motion

---

[10] *Waffle House*, 534 U.S. at 291.

[11] The EEOC also argues that the Defender Association lacks standing to bring this motion. The Third Circuit has not directly addressed the issue of whether a non-client has standing to bring a motion to disqualify opposing counsel. *Compare In re Pressman-Gutman Co*., 459 F.3d 383, 402 n.20 (3d Cir. 2006) (assuming, without deciding, that non-clients have standing to bring a motion to disqualify), *with In re Corn Derivatives Antitrust Litig*., 748 F.2d 157, 161 (3d Cir. 1984) (assuming, without deciding, that only a former client has standing to bring a motion to disqualify). Most courts within the Third Circuit have granted non-clients standing under the theory that attorneys are authorized and obligated to bring ethical violations by opposing counsel to the court's attention. *See Santander Sec. LLC v. Gamache*, No. 17-317, 2017 WL 1208066, at *3 (E.D. Pa. Apr. 3, 2017) (collecting cases). Even those decisions that have recently questioned this practice have assumed that there is standing, given the lack of consensus on the issue. *Id.* at *5-6 (determining that the Pennsylvania Rules of Professional Conduct direct attorneys to report ethical violations to an advisory board, not the court, but assuming non-client standing because "the law in this area is less than clear."); *Tibbott v. N. Cambria Sch. Dist*., No. 16-5, 2017 WL 2570904, at *4 (E.D. Pa. June 13, 2017) (same). Because the Defender Association's arguments for disqualification lack merit for the reasons discussed above, the Court need not reach the standing issue.

[12] Ms. Mendelsohn is a vocational counsel and consultant with a Master of Science degree in rehabilitation counseling. Def.'s Mem. Law Supp. Mot. Permit Interview of Megan Perez [Doc. No. 87-1] at 4. Although the Defender Association stated that it had attached Ms. Mendelsohn's *curriculum vitae* as an exhibit, no such exhibit was filed.

after the EEOC objected to the interview and took the position that the interview fell under the

purview of Rule 35 and that the Defender Association must follow that Rule.

Rule 35 allows the court to "order a party whose mental or physical condition—including

blood group—is in controversy to submit to a physical or mental examination by a suitably

licensed or certified examiner."[13] The court may also "order a party to produce for examination a

person who is in its custody or under its legal control."[14] The order "may be made only on

motion for good cause" and must also "specify the time, place, manner, conditions, and scope of

the examination, as well as the person or persons who will perform it."[15]

In bringing the motion, the Defender Association adamantly argues that Rule 35 does not

apply, maintaining that Rule 35 applies to *parties*, and not *non-parties* such as Ms. Perez. The

Defender Association also argues that Rule 35 only applies to mental or physical examinations,

whereas Ms. Mendelson's interview of Ms. Perez does not constitute an independent or defense

medical examination.

In response, the EEOC maintains that Rule 35 applies to the interview at issue, and that

the Defender Association has not complied with the requirements of the Rule. The EEOC argues

that Rule 35 does not *only* apply to parties, but also a "subset of non-parties" and "given its

language and purpose, Rule 35 applies when a defendant in EEOC litigation seeks a physical or

mental examination of a [c]harging [p]arty."[16] The EEOC next contends that Rule 35 applies to

examinations by vocational experts, pointing to cases which it argues illustrate that vocational

---

[13] Fed. R. Civ. P. 35(a)(1).

[14] *Id.*

[15] Fed. R. Civ. P. 35(a)(2)(A), (B).

[16] Pl.'s Opp. Br. [Doc. No. 88] at 8.

5

examinations constitute Rule 35 examinations. Finally, the EEOC argues that the Defender

Association has failed to satisfy the additional requirements of Rule 35, including most

importantly good cause for the examination.[17]

In its reply brief, the Defender Association maintains that Rule 35 is "wholly

irrelevant."[18] However, it argues, for the first time, that good cause exists for the interview. The

Defender Association contends that Ms. Perez's mental condition is at controversy because her

ability to return to work, even with additional leave after she went on long term disability due to

her mental condition, is at the "heart of this case."[19] The Defender Association would like its

expert "to opine on whether Ms. Perez was able to perform the essential functions of the position

with or without an accommodation despite her mental condition."[20]

In its sur-reply, the EEOC argues that the Defender Association has not provided any

legal support that would authorize the Court to compel this interview outside of Rule 35.[21]

Further, the EEOC argues that no good cause exists to support this examination as to whether

Ms. Perez could perform her duties, given that "the issue in this case is Defendant's refusal to

consider her request to return to work with the accommodation of a job transfer and its rigid

---

[17] The EEOC also argues that the Defender Association has failed to establish that a controversy exists concerning Ms. Perez's mental state at the time of her termination and has failed to specify the time, place, manner, conditions, and scope of the examination.

[18] Def.'s Reply Br. [Doc. No. 90] at 1.

[19] *Id.* at 7. With respect to the time, place, and manner requirements of Rule 35, the Defender Association states that if Rule 35 applies, it will submit the relevant information.

[20] *Id.*

[21] The EEOC also points to an out-of-district case in which the defendant, represented by Littler Mendelson, moved to compel a non-intervening charging party to submit to a Rule 35 mental examination. *See EEOC v. Consol. Resorts, Inc.*, No. 06-1104, 2008 WL 942289 (D. Nev. Apr. 7, 2008). There, the court determined that the charging party's mental condition was not placed in controversy and that good cause did not exist to order her to submit to a mental examination. *Id.* at *8-10.

reliance on a practice compelling her automatic termination contemporaneous with her approval for a limited period of long-term-disability benefits."[22]

The motion will be denied at this time because the Defender Association has not established a basis for the interview. If Rule 35 does apply to the interview of a charging party by a vocational expert, the Defender Association, as the moving party, has not complied with the requirements of the Rule, at least as to time, place, and manner.[23] If Rule 35 does not apply, the Defender Association must point to some other authority that would allow the Court to order the interview. The Defender Association must show a basis for the Court to order the interview, beyond the fact that the Defender Association believes it may be helpful for its case. The motion will be denied without prejudice.

### III.   CONCLUSION

For the reasons stated above, the Defender Association's Motion for a Hearing to Determine Whether to Disqualify the EEOC as Counsel is dismissed as moot as to the hearing and denied as to the underlying relief sought, *i.e.*, the EEOC's disqualification as counsel. The Defender Association's Motion to Permit its Expert to Interview Megan Perez is denied without prejudice. The Court reminds counsel that they are expected to cooperate in resolving disputes in a respectful manner, consistent with the highest standards of the profession. An order will be entered.

---

[22] Pl.'s Sur-Reply [Doc. No. 93] at 5.

[23] The Court does not determine at this time whether Ms. Perez, who has yet to intervene as of the date of this Memorandum, falls under the purview of Rule 35 as a non-intervening charging party, whether an interview by a vocational expert constitutes a medical examination under Rule 35, whether Ms. Perez's mental state is in controversy, or whether good cause exists to order the interview.