IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>DEFENDER ASSOCIATION OF PHILADELPHIA,<br><br>  Defendant. | :<br>:<br>:<br>:<br>:<br>:  CIVIL ACTION NO.<br>:  2:19-cv-01803-CMR<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANT'S SUR-REPLY IN SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, the Defender Association of Philadelphia (the "Defender Association"), by and through its undersigned counsel, hereby submits its Sur-Reply in Support of its Motion for Summary Judgment against Plaintiff, the Equal Employment Opportunity Commission's (the "EEOC"), claims on behalf of claimant Megan Perez ("Perez"). For the reasons set forth below, the Defender Association is entitled to summary judgment as a matter of law.

**TABLE OF CONTENTS**

I. ARGUMENT ...........................................................................................................................1

    A. EEOC Does Not Dispute A Number Of Facts Supporting Defender Association's Motion for Summary Judgment ...............................................................................1

    B. EEOC Cannot Establish a *Prima Facie* Case of Disability Discrimination and Defender Association Should be Granted Summary Judgment .....................................2

        1. EEOC Fails To Meet Its Burden That Perez Was a Qualified Individual With a Disability ........................................................................................................2

    C. EEOC Cannot Establish A *Prima Facie* Case of Failure to Accommodate and the Defender Association Should be Granted Summary Judgment .....................................4

        1. Defender Association Engaged in the Interactive Process With Perez ........................4

        2. Perez's Request For Indefinite Leave is Unreasonable ...............................................5

    D. EEOC Cannot Establish Direct Evidence Of Discrimination ...........................................6

    E. EEOC's Damages and Remedies are Cut Off and Defender Association Should be Granted Summary Judgment ...............................................................................8

        1. EEOC is Not Entitled to Damages, and This is Not Waived ... **Error! Bookmark not defined.**

        2. EEOC's Claim for Injunctive Relief Is Moot ............**Error! Bookmark not defined.**

II. CONCLUSION ....................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Richetta v. Stanley Fastening Sys.*,
L.P., 661 F. Supp. 2d 500 (E.D.Pa. 2009) ................................................................................10

*Ball v. Einstein Comm. Health Assocs.*,
514 F. Appx. 196 (3d Cir. 2013)................................................................................................2

*Briggs v. Temple Univ.*,
339 F.Supp.3d 466 (E.D.Pa. 2018) ........................................................................................10

*Conoshenti v. Pub. Serv. Elec. & Gas Co.*,
364 F.3 153, 151 (3d Cir. 2004)................................................................................................4

*Ford Motor Co. v. EEOC*,
458 U.S. 219 (1982)................................................................................................................10

*Fuentes v. Perskie*,
32 F.3d at 765 ..........................................................................................................................2

*Greenway v. Buffalo Hilton Hotel*,
143 F.3d 47 (2d Cir. 1998)......................................................................................................10

*Hayes v. Silvers, Langsam & Weitzman, P.C.*,
441 F. Supp. 3d 62 (E.D. Pa. 2020) ..........................................................................................9

*McMahon v. Salmond*,
573 Fed. Appx. 128 (3d Cir. 2014)............................................................................................9

*Socoloski v. Sears Holding Corp.*,
2012 U.S. Dist. LEXIS 108859 (E.D.Pa. July 31, 2012)..........................................................10

*Taylor v. Phoenixville Sch. Dist.*,
184 F.3d 296 (3d Cir. 1999)......................................................................................................6

*Wagner v. Dillard Dep't Stores, Inc.*,
17 F. App'x 141 (4th Cir. 2001) ..............................................................................................10

**Statutes**

ADA................................................................................................................................ *passim*

ADEA ........................................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Other Authorities**

Federal Rule of Civil Procedure 56 ................................................................................................1

I. **ARGUMENT**

    A. **The EEOC Has Waived Legal Arguments And Fails To Dispute Facts Supporting The Defender Association's Motion for Summary Judgment**

In the EEOC's Response and Sur-Reply to the Defender Association's Motion for Summary Judgment, the EEOC fails to address several legal arguments raised by the Defender Association. As such, the EEOC has waived any dispute as to those arguments and those claims should be treated as abandoned. *See Walsh v. Fusion Japanese Steakhouse, Inc.*, 548 F. Supp. 3d 513, 522 (W.D. Pa. 2021) ("A party that fails to address an argument in its brief in opposition to a motion for summary judgment waives that argument."); *Ardo v. Pagan*, F. Supp. 3d, 2023 WL 424721 at *14 (E.D. Pa. 2023) ("'[A] non-movant's failure to offer any response to an opposing party's summary judgment arguments constitutes an abandonment of claims left undefended.'"). The EEOC also does not dispute a number of facts in its Response and Sur-Reply to the Defender Association's Motion for Summary Judgment and this Court should treat the facts as undisputed for the purpose of the Defender Association's Motion for Summary Judgment.[1]

- **Perez Never Requested a "Transfer Accommodation:"** The EEOC does not dispute that Perez did not request to transfer positions at the Defender Association.[2] The EEOC also does not dispute that the EEOC cannot identify any vacant, alternative positions that Perez could be placed into at the Defender Association that were at or below the level of Perez's former job that Perez was qualified to perform with or without any reasonable accommodation.[3]

- **Indefinite Leaves are Unreasonable**: The EEOC admits that requests for indefinite leave are unreasonable accommodations under the ADA.[4]

- **EEOC Failed to Bring a Pattern or Practice Case**: The EEOC admits in its Sur-Reply that it did not bring a pattern or practice case.[5] The EEOC also does not dispute that no other

---

[1] Under Federal Rule of Civil Procedure 56, the EEOC has not met its requirement of asserting a fact cannot be nor is genuinely disputed, including to (A) cite to particular parts of materials in the record, admissions, interrogatory answers, or other materials; or (B) show the materials cited do not establish the absence or presence of a genuine dispute, or the Defender Association cannot produce admissible evidence to support the fact. F.R.C.P. 56(c)(1)(A) and (B).

[2] ECF 135, EEOC Sur-Reply; ECF 118, EEOC Opp., Ex 1 ("My therapist has two-work related recommendations at this time. First, that I not return to the role I was in…."). Stating Perez's therapist has recommendations about Perez's work is not a transfer request.

[3] ECF 135, EEOC Sur-Reply; ECF 118, EEOC Opp.

[4] ECF 135, EEOC Sur-Reply, at 6, n. 9 ("EEOC has never disputed that a request for indefinite leave is not a reasonable accommodation.").

[5] *Id.* ("Whether others were also terminated pursuant to the practice is simply not material[.]").

1

employees were impacted by the Defender Association's purported "practice" of terminating employees that receive LTD benefits or leave.[6]

- **EEOC Fails to Establish That The Defender Association's Decision To Terminate Perez's Employment Is Pretextual**: The EEOC does not dispute the Defender Association's argument that there is no evidence that the decision to terminate Perez's employment is not pretextual.[7] The EEOC only disputes the stated reasons for terminating Perez's employment, but has not argued that there is any evidence of pretext.[8] As such, the EEOC has abandoned their argument that Perez's termination was pretext for discrimination. *See Ardo*, 2023 WL 424721 at *14.

- **EEOC Does Not Dispute It is Judicially Estopped From Claiming Perez Could Perform the Essential Functions of her Role**: Rather than disputing that Perez is totally disabled, the EEOC instead only claims that Perez being totally disabled at the time of her administrative termination is irrelevant or is not "fatal" to the EEOC's case.[9] However, in doing so, the EEOC fails to dispute the Defender Association's argument that a plaintiff is judicially estopped from claiming that she is qualified to perform the essential functions of her position if she is totally disabled.[10] It is undisputed that Perez inconsistently asserts that she was totally disabled when applying to receive LTD, while simultaneously bringing a claim of discrimination which hinges on her ability to perform the essential functions of the job.[11] Therefore, the EEOC is judicially estopped from arguing that Perez is qualified to perform the essential functions of her position – an element of the EEOC's *prima facie* case – and, as such, this Court should grant the Defender Association's Motion for Summary Judgment.

    B.    **EEOC Cannot Establish a *Prima Facie* Case of Disability Discrimination and This Court Should Grant The Defender Association's Summary Judgment**

        1.    **EEOC Fails To Meet Its Burden That Perez Was a Qualified Individual With a Disability**

The EEOC denies that Perez was not a "qualified" individual with a disability under the second prong of its *prima facie* case.[12] The EEOC incorrectly argues Perez requested

---

[6] ECF 135, EEOC Sur-Reply, at 4.
[7] ECF 135, Sur-Reply; ECF 118, EEOC Opp.
[8] *See, e.g., Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994) ("To discredit the employer's proffered reason, however, the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent"); *Ball v. Einstein Comm. Health Assocs.*, 514 F. Appx. 196, 202 (3d Cir. 2013) ("[T]o avoid summary judgment, the plaintiff's evidence must generally rebut the employer's proffered legitimate reasons and allow a fact-finder reasonably to infer that 'each of the employer's proffered non-discriminatory reasons' was a fabrication or otherwise did not actually prompt the employment action.").
[9] ECF 135, EEOC Sur-Reply, at 3; ECF 118, EEOC Opp., at 5, n. 4.
[10] ECF 132, Defender Association Reply ISO MSJ, at 10-11 (citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) (asserting inability to work in disability benefits application estops claiming qualified to work); *Detz v. Greiner Indus., Inc.*, 346 F.3d 109, 118 (3d Cir. 2003) ("[plaintiff cannot] simply by disavowing a prior claim of disability … assert that he is a qualified individual"); *Krensavage v. Bayer Corp.*, 314 F. App'x 421 (3d Cir. 2008).
[11] SSMF ¶ 33.
[12] ECF 135, EEOC Sur-Reply at 1-3; ECF 118, EEOC Opp., at 2-3.

accommodations that would allow her to perform the essential functions of her position.[13] Even if the EEOC is not estopped from arguing Perez was able to perform the essential functions of her job (which it should be), the EEOC still cannot establish she could perform those functions.

As a preliminary matter, the EEOC states in a footnote that "[the Defender Association] has presented no record evidence to demonstrate the essential functions of any position."[14] To the contrary, the Defender Association articulated the essential functions of Perez's position in its Motion for Summary Judgment, including through the job descriptions for Perez's position.[15]

Further, no accommodation would allow Perez to perform the essential duties of her role, because, as explained at length, she was totally disabled and unable to work in any capacity at the time of her administrative termination and for the 11 months following.[16] There is no dispute that Perez was incapable of working in January 2018 (when the EEOC claims that she was able to return) and remained on LTD through November 2018.[17] Indeed, when the Defender Association administratively terminated Perez's employment, her concern was with receiving LTD benefits, not clarifying that she could return to work.[18] For that reason, the Defender Association waited until December 14, 2017 to administratively terminate her employment.[19] It is difficult to imagine that Perez would go on LTD leave—certifying she is totally disabled and unable to return to work in any capacity—in December 2017, but then return to work 2 weeks later. That is because she could not do so, as Perez remained on LTD through November 2018.[20] Consequently, no accommodation would have enabled Perez to perform her role's essential functions.

---

[13] ECF 135, EEOC Sur-Reply, at 6-8; ECF 118, EEOC Opp., at 6.
[14] ECF 135, EEOC Sur-Reply, at 2, n. 3.
[15] ECF 132, Defender Association Reply ISO MSJ, at 7-8.
[16] SSMF ¶¶ 32-35; ECF 132, Defender Association Reply ISO MSJ, at 18-22.
[17] SSMF ¶ 35.
[18] SSMF ¶ 24.
[19] SSMF ¶¶ 37.
[20] SSMF ¶ 35.

The EEOC falsely claims the Defender Association ignores statutory requirements that an individual's need for an accommodation must be taken into account in determining whether the individual is qualified.[21] The EEOC neglects that the law requires a *reasonable* accommodation, not *any* accommodation. Yet, the only request Perez made was an unreasonable accommodation under the ADA—an indefinite leave.[22] The EEOC also cites to *Conoshenti* for the proposition that "[w]hen leave is a requested accommodation, it must 'enable the employee to perform his essential job functions in the near future.'"[23] However, here there was no accommodation that would allow Perez to perform the essential functions of her position in the near future. To the contrary, Perez was disabled in the long term since she went on LTD and remained on leave for 11 months after her termination. Therefore, Perez was not a qualified individual with a disability and this Court should grant the Defender Association summary judgment.

    **C.**    **EEOC Cannot Establish A *Prima Facie* Case of Failure to Accommodate and this Court Should Grant The Defender Association's Summary Judgment**

              **1.**    **Defender Association Engaged in the Interactive Process With Perez**

The EEOC's claim that the Defender Association did not engage in the interactive process is not supported by the record evidence in this matter. Instead, the undisputed facts show that the Defender Association did engage in the interactive process, but there was no reasonable accommodation that would allow Perez to perform the essential functions of her position. Notably, the EEOC does not deny the Defender Association had multiple meetings with Perez to discuss her request for leave as an accommodation.[24] Instead, the EEOC claims these efforts to accommodate Perez do not matter because, as the EEOC baselessly asserts, the Defender Association just wanted to apply a discriminatory practice to Perez.[25] This is both contrary to the

---

[21] ECF 135, EEOC Sur-Reply, at 2.
[22] ECF 135, EEOC Sur-Reply, at 6 n. 9.
[23] ECF 135, EEOC Sur-Reply at 3 (citing *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3 153, 151 (3d Cir. 2004)).
[24] ECF 135, EEOC Sur-Reply, at 7.
[25] ECF 135, EEOC Sur-Reply at 6-9.

undisputed facts and is illogical. Why would the Defender Association undertake a massive effort—have multiple meetings with Perez, obtain records from her therapist about Perez's ability to return to work, conduct several calls to discuss Perez's leave and inability to return to work, and otherwise engage with Perez—if the Defender Association, all along, had a *plan to discriminate against Perez*? It would not. To the contrary, the undisputed facts show the Defender Association made every effort to accommodate Perez. The Defender Association made the hard decision to administratively terminate Perez's employment after determining that holding Perez's position open indefinitely created an undue hardship of the Defender Association; while informing Perez she is welcome to return when she is able.[26] Therefore, the Court should grant the Defender Association's summary judgment as to the EEOC's failure to accommodate claim because there is no dispute of material fact that the Defender Association engaged in the interactive process with Perez and the EEOC cannot establish the other elements of its failure to accommodate claim.

### 2. Perez's Request For Indefinite Leave is Unreasonable

Though an indefinite leave is unreasonable as a matter of law,[27] the EEOC claims that Perez did not request an indefinite leave, even though there is no dispute that her therapist was "hesitant" and "unable" to say if Perez's return to work was "feasible" after Perez already failed to return to work on her prior return date.[28] However, this request for leave was not reasonable because Perez could not state with any certainty when she could return to work.

The EEOC denies that the January 2018 return date was uncertain,[29] although it cannot point to any facts disputing the plain language of Patterson's report. The EEOC continues to state that if there was uncertainty surrounding Perez's return to work, it was the Defender Association's

---

[26] SSMF ¶¶ 28-30.
[27] ECF 135, EEOC Sur-Reply, at 6 n. 9.
[28] SSMF ¶¶ 19, 25; 11-1;. ECF 135, EEOC Sur-Reply, at 3.
[29] "Patterson did **project** a specific return date." ECF 135, EEOC Sur-Reply, at 6 n. 10 (emphasis added). The EEOC used the word "project" or "projected" four different times in its Sur-Reply to describe the clear lack of definitiveness in Perez's return.

fault for not following up with Perez.[30] Clearly this is incorrect. As established, the Defender Association had no such obligation to follow up because there was no misunderstanding surrounding Patterson's recommendations.[31] Perez's therapist, Patterson, could not state with any certainty that Perez could return to work because, as she noted in her report, Perez had a history of trauma and abuse that was triggered by her work at the Defender Association and which led her to have a panic attack when she tried to return to work on September 11, 2017.[32] Given the grave concerns Patterson articulated about Perez's work at the Defender Association, Perez's mental and emotional welfare, and the uncertainty surrounding Perez's ability to return, the Defender Association had no reason to believe Perez could actually return to work in January 2018. Perez also never expressed an interest in returning to work in January 2018, and was instead concerned about receiving her LTD benefits, which the EEOC does not dispute.[33]

Moreover, it is evident that Perez's tentative return in January 2018 was not a definitive return to work date, because Perez was unable to return to work in any capacity in January 2018. Perez remained on LTD through November 2018, completely unable to work.[34] The EEOC argues Perez remaining on LTD through November 2018 is irrelevant as to whether or not she could return to work in January 2018.[35] To the contrary, Perez's receipt of LTD is relevant because it shows that Perez was not able to return to work in January 2018. It demonstrates that Perez's request for leave was indefinite. Therefore, the EEOC's failure to accommodate claim fails as a matter of law and the Court should dismiss this claim with prejudice.

    **D.**    **EEOC Cannot Establish Direct Evidence Of Discrimination**

---

[30] ECF 135, EEOC Sur-Reply at 6-7, n. 10.
[31] *See Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 315 (3d Cir. 1999) (explaining once an employer is aware of the employee's desire for accommodations, the only burden on the employer is to "request additional information that the employer believes it needs."). The Defender Association needed no more information. SSMF ¶¶ 33-34.
[32] SSMF ¶ 11.
[33] SSMF ¶ 22.
[34] SSMF ¶¶ 33-35.
[35] ECF 135, EEOC Sur-Reply, at 3.

The EEOC's disability discrimination claim fails because the EEOC cannot establish direct – or any – evidence of discrimination. The EEOC argues the Defender Association had a "decades long" practice of terminating employees placed on LTD leave; however, the undisputed facts are that no employees were known to be terminated[36] pursuant to this purported practice.[37] Moreover, while the EEOC tries to allege some kind of sinister reason behind the administrative termination, notably, the EEOC fails to cite any case demonstrating that such a practice is inherently illegal.[38] To the contrary, the case law demonstrates that where an employee certifies they are totally disabled in their LTD application, they are not qualified to work and their termination is not an ADA violation.[39] Indeed, former-HR manager, Sherri Darden, explained it well: "[t]he Defender Association understood when someone went out on LTD leave, it meant they were 'totally disabled' and not able to work, and required an indefinite leave."[40] Moreover, given that no employee was known to be terminated pursuant to the purported practice, there is no evidence the Defender Association applied this inflexibly and forewent the interactive process if, for example, the employee went on LTD, but could provide a definitive return date.

Although the EEOC claims Perez was administratively terminated pursuant to the purported practice, this argument misinterprets Darden's testimony.[41] The Defender Association has never denied that it terminated Perez's employment because Perez was unable to state when she could return to work; and, she was totally disabled and unable to return to work after she went on LTD leave and received those benefits. Had the reason for Perez's administrative termination been only and inflexibly that she was placed on LTD leave, the Defender Association would have

---

[36] *See* SSMF ¶ 36 (having no knowledge of employees being terminated pursuant to this "practice" since at least 1999.)
[37] As explained above in Section A, the EEOC has admitted it did not bring a pattern nor practice case and, as such, has not brought a claim based on a purported discriminatory practice by Defender Association.
[38] ECF 135, EEOC Sur-Reply; ECF 118, EEOC Opp.
[39] *See* n. 10 (citing *Cleveland*, 526 U.S. at 806; *Detz*, 346 F.3d at 118; and *Krensavage*, 314 F. App'x 421).
[40] SSMF ¶ 34.
[41] ECF 135, EEOC Sur-Reply, at 4.

immediately terminated Perez's employment in November 2017 when Perez first indicated she was applying to receive LTD. Instead, the Defender Association engaged with Patterson about Perez's ability to return to work and Patterson noted that Perez articulated serious mental and emotional trauma, for which Perez sought treatment.[42] This meant Patterson was unable to state with any certainty when Perez could return to work and which formed the basis of Perez's request to apply for LTD leave.[43] The Defender Association waited over a month before administratively terminating Perez's employment in December 2017 because, at Perez's request, she wanted to ensure she received LTD benefits; in addition, she did not state that she could return to work in January 2018.[44] With that information, the Defender Association administratively terminated Perez's employment, while telling Perez she is welcome to return when she is able.[45] There is no evidence that her administrative termination was discriminatory.

The EEOC also falsely claims that the Defender Association raised for the first time in its Reply that the EEOC did not bring a pattern or practice claim.[46] To the contrary, the Defender Association stated in its opening brief in support of its Motion for Summary Judgment that the EEOC's failure to bring a pattern of practice case means that it cannot purport to bring claims of a discriminatory practice at the Defender Association.[47] As explained, for the EEOC to bring a pattern or practice claim, it must have been asserted, investigated, and determined in the Charge and Determination.[48] Here, the EEOC failed to do so.

E.     **EEOC's Damages and Remedies are Cut Off and Defender Association Should**

---

[42] SSMF ¶¶ 9, 18.
[43] SSMF ¶¶ 18-21.
[44] SSMF ¶ 24.
[45] SSMF ¶¶ 28-30.
[46] ECF 135, EEOC Sur-Reply, at 4-5.
[47] *Compare id. with* ECF 112, PSMF, at ¶ 23 ("This is not a 'pattern or practice' case, where the EEOC is intervening to resolve some discriminatory practice or a class action on behalf of a group of aggrieved plaintiffs. This is a claim brought on behalf of a single plaintiff to resolve her individual claim of discrimination.").
[48] The EEOC may not bring claims not mentioned in its Charge and Determination. ECF 112, at ¶ 23; ECF 132, Defender Association Reply ISO MSJ, at 4-5; *see McMahon v. Salmond*, 573 Fed. Appx. 128, 135 (3d Cir. 2014) (finding where claim not pled in complaint, plaintiff may not raise it for the first time in his opposition to summary judgment).

**be Granted Summary Judgment**

Despite the EEOC's argument to the contrary, the Defender Association has not waived its argument that Perez failed to mitigate her damages.[49] The EEOC does not dispute that Perez did not engage in a meaningful job search. However, the EEOC claims that the Defender Association failed to establish that there was substantially equivalent work available.[50] To the contrary, the Defender Association produced job openings for numerous positions at the Defender Association – Perez did not apply. Further, since Perez engaged in a feeble job search of only 5 jobs, the Defender Association does not have to show that there were other jobs available that Perez could have applied. [51] *See Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 54 (2d Cir. 1998) (An employer "is released from the duty to establish the availability of comparable employment if it can prove that the employee made no reasonable efforts to seek such employment.").

Moreover, the EEOC also states Perez has "an attorney position that fully mitigated her back pay."[52] As such, the EEOC admits Perez's damages were fully mitigated and she cannot continue to accrue damages after she found the attorney position and stopped looking for other employment.[53] There is no dispute Perez's damages are cut off.

The EEOC also argues the Defender Association waived the ability to dismiss the EEOC's

---

[49] The EEOC cites to a single footnote to assert the Defender Association's argument is waived, where a court declined to consider an argument made for the first time in a Reply brief (*Hayes v. Silvers, Langsam & Weitzman, P.C.*, 441 F. Supp. 3d 62, 67 n.4 (E.D. Pa. 2020)). This waiver argument is inapplicable because the Alternative Method must allow for some flexibility in briefing, where the initial brief is only 5 pages, and the "Reply" is 25 pages. The *Hayes* court was not presiding over an alternative method case. *Id.* Second, the Defender Association made the argument in the initial 5 page brief, and expanded upon it in its Reply. The Defender Association argued Perez is not entitled to any damages in its 5-page brief, and reaffirmed and added detail to this argument in its Reply in support of its Motion for Summary Judgment, explaining why punitive damages, back-pay, and front-pay are cut off. ECF 112-4, Defender Association MSJ, at 5; ECF 132, Defender Association Reply ISO MSJ, at 23-25.
[50] ECF 135, EEOC Sur-Reply, at 10.
[51] SSMF ¶¶ 38-39.
[52] ECF 135, EEOC Sur-Reply, at 10.
[53] *See Socoloski v. Sears Holding Corp.*, 2012 U.S. Dist. LEXIS 108859 (E.D.Pa. July 31, 2012) ("A plaintiff who brings claims for front-pay and back-pay under the ADEA or ADA has a duty to mitigate [his] damages by exercis[ing] reasonable diligence in [his] efforts to secure employment."); *Briggs v. Temple Univ.*, 339 F.Supp.3d 466, 507 (E.D.Pa. 2018) ("[A] plaintiff has a duty to mitigate both back-pay and front-pay damages by 'demonstrating a continuing commitment to be a member of the work force and by remaining ready, willing, and available to accept employment.'")

claim for punitive damages.[54] First, the EEOC cannot meet its burden to establish it should receive punitive damages, as it fails to establish the Defender Association acted with reckless indifference to Perez's rights.[55] Second, the EEOC cites to no cases supporting the frivolous claim that the Defender Association has waived this argument, which it argued in its briefing.[56] For all these reasons, the EEOC cannot establish it is entitled to economic damages and the Court should grant the Defender Association summary judgment.

The EEOC also does not deny its claim for injunctive relief is moot, nor does the EEOC deny the Defender Association completed all necessary training, policy, and leadership reform.[57] As such, the Court should grant summary judgment in favor of Defender Association as to the EEOC's claim for injunctive relief.

## II. CONCLUSION

There is no dispute of fact that the EEOC has failed to meet its burden of its establishing its disability discrimination and failure to accommodate claims. The Defender Association respectfully requests the Court grant its Motion for Summary Judgment as to all claims.

---

[54] ECF 135, EEOC Sur-Reply, at 10.
[55] "In Pennsylvania, punitive damages may be awarded for outrageous conduct constituting either an evil motive or reckless indifference to the rights of others. […] The Pennsylvania Supreme Court, however, has made it clear that 'punitive damages are an "extreme remedy" available in only the most exceptional matters.' 'Ordinary negligence, involving inadvertence, mistake or error of judgment will not support an award of punitive damages.'" *Richetta v. Stanley Fastening Sys.*, L.P., 661 F. Supp. 2d 500, 513 (E.D.Pa. 2009) (citing *Phillips v. Cricket Lighters*, 584 Pa. 179, 883 A.2d 439, 445 (Pa. 2005); *Hutchinson v. Penske Truck Leasing Co.*, 2005 PA Super 179, 876 A.2d 978, 983-84 (Pa. Super. Ct. 2005), aff'd, 592 Pa. 38, 922 A.2d 890 (Pa. 2007)).
[56] ECF 135, EEOC Sur-Reply, at 10..
[57] The EEOC only argues that it, as an entity, has authority to seek injunctive relief, and an injunctive relief determination is "premature." ECF 118, EEOC Opp, at 20-21.

Respectfully submitted,

Date: July 21, 2023

*/s/ Tara S. Param*
Richard R. Harris, Esq.
richard.harris@hklaw.com
Tara S. Param, Esq.
tara.param@hklaw.com
Madeline F. Fenton, Esq.
madeline.fenton@hklaw.com
**Holland & Knight LLP**
Cira Centre
2929 Arch Street, Suite 800
Philadelphia, PA 19104
(215) 252-9600

*Attorneys for Defendant
Defender Association of Philadelphia*

11

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, I electronically filed the foregoing The Defender Association's Sur-Reply in Support of its Motion for Summary Judgment using the CM/ECF system, which will send notification of such filing to the registered, interested parties via electronic mail, and sent the foregoing documents via electronic mail to the EEOC's counsel:

Joshua E. Zugerman
Senior Trial Attorney
EEOC – Philadelphia District Office
801 Market Street, Suite 1000
Philadelphia, PA 19107
(267) 589-9763
joshua.zugerman@eeoc.gov

*Attorneys for the EEOC*

<u>/s/ Tara S. Param</u>
Tara S. Param
